# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**NICHOLAS STEWART, individually**
**and as Administrator of the Estate of**
**James Stewart, Jr.,**
and
**THOMAS EDWARD JONES, individually**      Civil Action No. 5:13-CV-2
**and as Administrator of the Estate of**      (BAILEY)
**Annette Irene Jones,**

    Plaintiffs/Putative Class
    Representatives,

**v.**

**AIS RECOVERY SOLUTIONS, LLC,**
**d/b/a American Info Source,**
and
**CAVALRY PORTFOLIO SERVICES, LLC,**
and
**CAVALRY INVESTMENTS, LLC,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND

On this day, the above-styled civil action came before this Court upon consideration of the Plaintiffs' Motion to Remand [Doc. 9], filed February 11, 2013. Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC filed their Response in Opposition [Doc. 11] on February 25, 2013. Defendant American Inforsource, LP joined in the Calvary defendants' Response on February 27, 2013 [Doc. 13]. Plaintiffs filed their Reply on March 4, 2013 [Doc. 16]. The motion has been fully briefed and is now ripe for decision. Having reviewed the record and considered the arguments of the parties, this Court concludes that the Plaintiffs' Motion to Remand [Doc. 9] should be **GRANTED**.

1

**BACKGROUND**

I.  **Factual and Procedural History**

On January 11, 2013, the Cavalry defendants removed this action from the Circuit Court of Ohio County, West Virginia on the basis of federal diversity pursuant to 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse. Rather, the plaintiffs contend that removal is improper because: (1) the Cavalry defendants cannot meet the $5,000,000 jurisdictional threshold under the Class Action Fairness Act ("CAFA"); (2) the Cavalry defendants cannot meet the $75,000 jurisdictional threshold for the claims of the plaintiffs; and (3) even if the Court applies the $75,000 jurisdictional threshold to the claims presented by the entire class, the Cavalry defendants still cannot meet that threshold.

The Complaint asserts that the defendants have engaged in attempts to recover debts that are time barred or otherwise unenforceable. For instance, the defendants have attempted to collect debts in the amounts of $1,065.56 and $853.26 from two estates of which the named plaintiffs, Nicholas Stewart and Thomas Edward Jones, serve as administrators.

In addition, the plaintiffs seek recovery on behalf of themselves and a class of similarly situated West Virginia estates. The plaintiffs' have tentatively defined the class as:

> All persons from whom the Defendants attempted to collect or actually collected on accounts which: (1) were opened more than five years prior to the filing of Defendants' formal claim through the West Virginia probate process against a West Virginia decedent's estate; (2) the last payment was more than five years prior to said filing of a claim and (3) said filing of a claim occurred at any time within the applicable statute of limitations preceding the

filing of this action through the date of class certification. See [Doc. 9].

Attached to their Notice of Removal, the defendants submitted the Affidavit of Terry Rivera, a paralegal[1] for Cavalry Portfolio Services, LLC., who states that "[t]he total debt associated with such accounts is in excess of $3,000,000., and the pecuniary effect on Calvary of complying with the injunctive relief requested in the Plaintiffs' Complaint would exceed $75,000." [Doc. 1-2].

## DISCUSSION

### I. Class Action Fairness Act

"CAFA authorizes the removal of any civil action which is a class action in which (1) 'the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' 28 U.S.C. § 1332(d)(2); (2) 'any member of a class of plaintiffs is a citizen of a State different from any defendant,' id. § 1332(d)(2)(A); and (3) there are 100 or more plaintiff class members, id. § 1332(d)(5)(B)." **West Virginia ex rel. McGraw v. CVS Pharm., Inc.**, 646 F.3d 169, 174 (4th Cir. 2011).[2] The removing party must prove these three elements by a preponderance of the evidence. See **Johnson v. Advance Am.**, 549 F.3d 932, 935 (4th Cir. 2008).

---

[1] The parties' briefs go to great lengths to argue the validity of the methods used to determine the $3,000,000 figure as well as use of a paralegal to calculate the same. As this Court has given no weight to this figure, it appears any discussion regarding the same to be futile.

[2] CAFA "defines 'class action' to mean any civil action filed under rule 23 of the Federal Rules of Civil procedure or *similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.*' Id. § 1332(d)(1)(B)." **McGraw**, 646 F.3d at 174 (emphasis in original). West Virginia Civil Rule of Procedure 23 satisfies the emphasized "similarity" requirement. See **Id.**

While CAFA is raised in the parties' briefs, the defendants are adamant that their Notice of Removal is based solely on the loss exceeding the $75,000 threshold for actions removed pursuant to 28 U.S.C. § 1332(a) [Doc. 11 at 5]. It is apparent, however, that the defendants do, in fact, attempt to intertwine certain aspects of CAFA to justify their position that the $75,000 threshold has been satisfied. For instance, defendants seek to use a figure of $3,000,000, which represents the debt amounts for all putative class plaintiffs. In analyzing the jurisdictional amount pursuant to § 1332, this Court simply cannot utilize this aggregate to satisfy the $75,000 threshold. To do so would run afoul of the long-standing principle that plaintiffs' claims must be evaluated separately, regardless of whether they originate in a single transaction, and cannot be aggregated for purposes of satisfying the amount in controversy. "[I]t has long been a rule that each plaintiff in a diversity suit must independently satisfy the diversity statute's jurisdictional amount in controversy. *See* **Clark v. Paul Gray, Inc.**, 306 U.S. 583, 589 (1939)('when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court')." **Rosmer v. Pfizer Inc.**, 263 F.3d 110, 123 (4th Cir. 2001).

Defendants similarly argue that the plaintiffs' Complaint seeks "[i]njunctive relief ordering the Defendants to cease engaging in the conduct described" to establish the amount in controversy. This relief is also intertwined with the CAFA analysis. The defendants thus assert that the plaintiffs' *ad damnum* clause, which seeks disgorgement and restitution of all sums actually collected by the defendants in violation of West Virginia law, should also be added to the amount in controversy. This Court disagrees. Although

4

plaintiffs expressly request such relief – as the defendants are quick to point out – this Court nevertheless finds that the plaintiffs cannot reasonably be expected to collect such an award absent an order certifying the class.  Accordingly, the two individually named plaintiffs, Stewart and Jones, possess standing to enjoin the defendants from collecting their own debts, but nothing more.  In light of all the above, this Court now finds it more appropriate to undertake a review of the individual plaintiffs' claims to determine the proper amount in controversy pursuant to § 1332.

**2.**     **Amount in Controversy for Diversity Jurisdiction**

Defendants in civil actions may remove a matter from state to federal court if the latter forum has original subject matter jurisdiction.  This requirement can be based upon diversity jurisdiction or federal question jurisdiction.  28 U.S.C. § 1441.  A federal district court has diversity jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  As previously stated, this is the stated basis for the defendants' Notice of Removal.

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" ***Maryland Stadium Auth. v. Ellerbe Becket Inc.***, 407 F.3d 255, 260 (4th Cir. 2005) (citing ***Mulcahey v. Columbia Organic Chems. Co.***, 29 F.3d 148, 151 (4th Cir. 1994)).  Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  ***Shamrock Oil & Gas Corp. v. Sheets***, 313 U.S. 100 (1941).  If federal jurisdiction is doubtful, a remand to state court is required.  ***Maryland Stadium***, 407 F.3d at 260.  On the other hand, if this Court has jurisdiction, it is required to exercise it.  ***Gum v. Gen. Elec. Co.***, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-

5

established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiffs' claims exceed the jurisdictional amount. **Landmark Corp. v. Apogee Coal Co.**, 945 F.Supp. 932, 935 (S.D. W.Va. 1996). Often, this burden is settled without argument because a plaintiff's good-faith claim for specific monetary damages in the complaint binds the defendant. **St. Paul Mercury Indem. Co. v. Red Cab Co.**, 303 U.S. 283, 288 (1938); see also **Horton v. Liberty Mut. Ins. Co.**, 367 U.S. 348, 353 (1961) (stating that general federal rule is that complaint determines the amount in controversy and, consequently, federal jurisdiction). However, when the complaint's *ad damnum* clause does not specifically state the amount in controversy – such as in this case – several courts require the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount. **Tapscott v. MS Dealer Serv. Corp.**, 77 F.3d 1353, 1357 (11th Cir. 1996); **De Aguilar v. Boeing Co.**, 11 F.3d 55, 58 (5th Cir. 1993); **Gafford v. Gen. Elec. Co.**, 997 F.2d 150, 158 (6th Cir. 1993); **Sanchez v. Monumental Life Ins. Co.**, 102 F.3d 398, 403-04 (9th Cir. 1996); **Lohan v. Am. Express Co.**, 2009 WL 2567853 (S.D. W.Va. Aug. 19, 2009); **Allman v. Chancellor Health Partners, Inc.**, 2009 WL 514086 (N.D. W.Va. Mar. 2, 2009).

In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. **Landmark Corp.**, 945 F.Supp.

6

at 935 (citing *Tapscott*, 77 F.3d at 1357).  To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000.  *See* ***Gaus v. Miles, Inc.***, 980 F.2d 564, 567 (9th Cir. 1992).  Instead, a defendant seeking removal must "supply evidence to support his claim regarding the amount at issue in the case." ***Sayre v. Potts***, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999).  Finally, in resolving the amount in controversy issue, a court "is not required to leave its common sense behind."  ***Mullins v. Harry's Mobile Homes, Inc.***, 861 F.Supp. 22, 24 (S.D. W.Va. 1994)(Faber, J.).

In this case, the defendants point to the plaintiffs' prayer for relief, in which the plaintiffs seek injunctive relief; statutory penalties; actual, compensatory, and punitive damages; disgorgement and restitution of all sums actually collected by the defendants in violation of West Virginia law; and attorney fees.

    A.    <u>Injunctive Relief</u>

"In the case of injunctive relief, this burden requires the defendant to quantify the cost of compliance. ***In re Brand Name Prescription Drugs Antitrust Litigation***, 123 F.3d [599,] 610 [(7th Cir. 1997)].  The defendant may do so through affidavits or similar evidentiary material.  *Id*."  ***Grubb v. Jos. A. Bank Clothiers, Inc.***, 2005 WL 1378721, at *4, 8-9 (S.D. W.Va. June 2, 2005)(Copenhaver, J.).  In the ***Brand Name Prescription*** case, the Court set forth three methods by which a court could calculate the costs of compliance incurred by a defendant subject to an injunction.  The most relevant approach to the case at bar "seeks to calculate the benefit a defendant would have to forgo in order to comply with the injunctive relief."  123 F.3d at 610.  Here, the defendants assert the benefit they would forgo would be "forced debt forgiveness" in excess of $3,000,000.  This

7

Court disagrees with the defendants' position that the aggregate of these debts is a proper figure to use in determining the amount in controversy. Again, the defendants improperly seek to apply the CAFA standards to the more proper § 1332 analysis.

### B. Statutory Penalties

Pursuant to West Virginia Code § 46A-5-101, if a creditor has violated the provisions of this chapter, statutory penalties may be awarded in an amount to be determined by the Court in an amount "not less than one hundred dollars nor more than one thousand dollars." Applying the maximum, this amount is one thousand dollars, adjusted for inflation.

### C. Actual and Compensatory Damages

In addition, the amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Id.* (citing **Landmark Corp.**, 945 F.Supp. at 636-37). To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. **Weddington v. Ford Motor Credit Co.**, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also* **Mullins v. Harry's Mobile Homes**, 861 F.Supp.22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any

8

settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

**Watterson v. GMRI, Inc.**, 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997) (internal citations omitted).

As noted above, the estates which are represented by the two named plaintiffs, Nicholas Stewart and Thomas Edward Jones, have debts in the amounts of $1,065.56 and $853.26, respectively. Although neither plaintiff has made any payments toward these amounts to the defendants, this Court will use these figures for the sake of argument. Along these same lines, this Court notes that the named plaintiffs would not be entitled to disgorgement of any sums, as none have been collected.

D. Punitive Damages

"In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount in controversy. 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702 (3d ed. 1998). Of course, 'claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined.' **Saval v. BL Ltd.**, 710 F.2d 1027, 1033 (4th Cir. 1981). In determining the amount of punitive damages, it is noted that, in the recent case of **State Farm Mut. Auto. Ins. Co. v. Campbell**, 538 S.Ct. 408 (2003), the United States Supreme Court examined the relationship of punitive damages to compensatory damages and suggested in *dicta* that single digit ratios are presumptively valid." **Jos. A. Bank Clothiers, Inc.**, 2005 WL 1378721, at *7.

Using the entire Stewart debt of $1,065.56 times the maximum single digit multiplier

of nine, this would yield a maximum punitive damage award of $9,590.04.

### E. Attorney Fees

When attorney fees are provided by for by statute, the court may consider an award as part of the amount in controversy. ***Jos. A. Bank Clothiers, Inc.***, 2005 WL 1378721, at *7. Pursuant to W. Va. Code § 46A-5-104, "[i]n any claim brought under this chapter . . . the court may award . . . reasonable attorney fees . . .." In this case, plaintiffs' counsel has requested attorney fees. Assuming, *arguendo*, that this Court did exercise its discretion to award attorney fees, it cannot fathom awarding an amount such that would push the amount in controversy over the brink of the jurisdictional threshold; such an award would necessarily exceed $60,000.

## **CONCLUSION**

Upon consideration of the above, this Court finds the defendants have failed to meet their burden of demonstrating the jurisdictional amount in controversy. ***Maryland Stadium***, 407 F.3d at 260. Finding federal jurisdiction doubtful, this Court finds remand to state court is required. ***Id***. Accordingly, based on the foregoing, this Court is of the opinion that the Plaintiffs' Motion to Remand **[Doc. 9]** should be, and hereby is, **GRANTED**. Accordingly, this matter is hereby **REMANDED** to the Circuit Court of Ohio County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to transmit the same to the Clerk of the Circuit Court of Ohio County, West Virginia.

**DATED:** March 15, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE